HENRY NEIL, Respondent, *v.* FORDS, HOWARD & HULBERT, Appellant.

*Libel — privileged publication — the question of fact is for the jury — express malice must be shown — findings of fact necessary for review upon appeal.*

In an action to recover damages for the publication of an alleged libel, where the facts upon which the defendant bases his claim of privilege are challenged by the plaintiff, the jury should determine the existence or non-existence of the facts which are asserted as the basis of the privilege.

A publication to be privileged must be made in good faith with a belief in its truth.

In such an action, where the publication is privileged, the plaintiff must show express malice in order to recover.

Upon the trial of an action the court decided that the question at issue was one for the jury, and an exception was taken by the defendant. The record showed that thereafter, by the consent of counsel, the question was considered as if it had been before the court at Special Term.

*Held*, that, by reason of such consent, the original determination to submit the matter to the jury became inoperative.

Findings of fact are necessary in order to review, upon appeal, the determination of the court at Special Term.

APPEAL by the defendant, Fords, Howard & Hulbert, from a judgment of the Supreme Court in favor of the plaintiff, rendered on the 15th day of March, 1892, and entered in the office of the clerk of the city and county of New York upon the verdict of a jury for $500 rendered at the New York Circuit, and also from an order entered in said clerk's office the 2d day of May, 1892, denying the defendant's motion for a new trial made upon the minutes.

*Thorndyke Saunders*, for the appellant.

*William B. Ellison*, for the respondent.

PARKER, J.:

The judgment under review awards to the plaintiff damages against defendant corporation for libel.

The exception mainly relied on by the defendant to secure a reversal of the judgment was taken to the refusal of the court to direct a verdict in favor of defendant, the contention being that the alleged libelous matter published by the defendant was privileged.

In 1874 the defendant published a book entitled " Pictures in Palestine — Christ in Art or Gospel Life of Jesus, with the Bida Illustrations."

On the title page appeared the following : " Illustrated with one hundred full-page plates, on steel and wood, executed by ' Brend Amour,' of Dusseldorf."

In 1888 the defendant published another book containing illustrations from " Bida " designs bearing the following title : " Pictures in Palestine — The Story of Jesus — A Book for the Home, by Louisa T. Craigin."

In each book it was stated on the title page that it was illustrated with one hundred full-page plates from the designs of " Alexander Bida."

In 1890 the plaintiff published an illustrated edition of the " Life of Christ by Canon Farrar " under the following title : " The Story of Jesus — The Sweet Story of the Life of Christ, by Canon Farrar, D. D., F. R. S." It contained sixty-two illustrations, seven of which were of the " Bida " designs.

The plaintiff testified that " he took seven ' Bida ' designs from the book entitled ' Christ in Art,' " and that this was done after reading on the title page that they had been re-engraved by " Brend Amour," and after being informed that as it was the work of a foreign artist they were not the subject of copyright in this country and, therefore, could be used by anyone.

Knowledge of the plaintiff's publication coming to the defendant, it issued the circular of which complaint is made in this action. It is as follows : " Caution : A legal opinion concerning The Story of Jesus, illustrated with a large number of magnificent full-page engravings by Alexander Bida, the converted Jew, and other world-renowned artists."

" We are the inventors and owners of the series of copyrighted wood engravings of the celebrated Bida designs, illustrating scenes in the life of Christ, published and copyrighted in the book entitled ' Christ in Art ; ' also of ' The Story of Jesus,' by Mrs. Louisa T. Craigin.

" We have recently learned that an individual named Henry Neil, giving himself the corporate style of ' The Commonwealth Publishing Company,' as if he were an association of capitalists, is about to bring out, under the above title, Canon Farrar's ' Life of Christ,' which was published sixteen years ago in England and can be bought anywhere in cheap American reprints.

" In order to make it attractive to agents and the public, this old book is to be ' freshened up ' with a new and false title, taken baldly from our copyrighted volume, ' The Story of Jesus,' by Mrs. Louisa T. Craigin. Mr. Neil's large yellow poster circular says of it, ' The whole world is wild with enthusiasm over the Long Looked for Story of Jesus, by Canon Farrar.' This falsely-named book is to be illustrated with cheap casts of old cuts, together with poor reproductions from some of our copyrighted engravings of the Bida designs. Some portions of the title page of this ' religious teacher ' are appropriated from other books that have had a large sale, the

apparent design being to convey false impressions concerning the identity of the book. With these we have nothing to do, but, in reference to our rights, we desire to call the attention of all interested in printing, making, publishing or vending this cheap imitation of a well-known art book, to the following extracts from a decisive opinion.

" NOTICE :

" The original designs or etchings may be copied or redrawn or engraved by anybody, but our engravings of them, invented and directed by American citizens, although mechanically executed by foreigners (just as most of the engravings in The Century and other magazines are to-day), cannot be copied or used without our permission, except under risk of being tied up by injunction, and upon damage of our business, of legal penalty.

" The title, text and illustrations of 'The Story of Jesus,' are duly protected by copyright, and all rights reserved.

" BEWARE of the sixteen-year-old book of Canon Farrar put forth under a new and false title, 'The Story of Jesus,' said title being appropriated from another book which it is sought to imitate.

" BEWARE of coarse pen-drawings, cheap process cuts and all imitation of our copyrighted wood engravings of the Bida designs, published without our permission on the copyright page.

" BEWARE of them, because they are fraudulent religion and poor art ; and beware of them, because making or selling them will subject you to risk of legal interference and penalty.

"*FORDS, HOWARD & HULBERT,*

" 30 Lafayette Place, New York."

These circulars were sent chiefly to subscription book publishers, subscription book agents, and printers.

The defendant, conceding that the matter contained in the circular was *prima facie* libelous, insisted, nevertheless, that its publication was privileged, and, therefore, not actionable, in the absence of proof of express malice.

It is asserted that because it was engaged in the sale of books, which it believed plaintiff's publication would necessarily and wrongfully injure, it had such an interest as to entitle it in good faith to warn dealers against an attempted invasion of its rights.

Upon the trial, as now, the appellant invoked the general rule, that whether a publication is privileged, and, therefore, *prima facie* excusable, is a question of law for the court.

An exception to the general rule arises where the facts upon which the defendant bases its claim of privilege is challenged by the plaintiff; then a jury must determine the existence or non-existence of the facts which are asserted as the basis of the privilege.

To constitute a privileged communication, it is not sufficient that the publisher has an interest in the matter, or a duty in respect to it, which renders it proper to state the facts to one who may have a legitimate interest in hearing it, but he must make the statement in good faith, believing it to be true.

In this case the plaintiff insists that there is evidence to support a finding that some of the important statements in defendant's circular were not only untrue, but that defendant knew them to be untrue at the time of the publication, and, therefore, the court was not permitted to hold, as matter of law, that the communication was privileged.

Among the statements thus challenged, are the following:

(1) That the defendant is the inventor of the wood engravings of the "Bida" designs, and that such engravings were copyrighted.

The allegation that defendant was the inventor of the wood engravings, it is contended, was contradicted by the statement on the title page of the book, entitled "Christ in Art," which states that they were executed by "Brend Amour."

That the statement that the engravings are copyrighted, is put in issue by the testimony of the president of the defendant, who testified that he knew that engravings made by any person not a citizen of the United States, or a resident therein, were not a subject of copyright.

(2) That the defendant incorrectly stated the title of plaintiff's book, and that the jury was authorized in finding that it was known to be untrue, from the fact that the defendant had in its possession the advance sheets, or sample pages, together with a large advertising poster issued by the plaintiff.

(3) That the evidence permitting a finding that the statement that plaintiff's book was falsely named was untrue, and so known to be at the time, is found on the title page of the book then in defendant's possession.

Plaintiff points out five other instances in which he claims the circular contains material and untruthful statements, and in respect to which the evidence adduced would support a finding that defendant then knew to be untrue.

It will serve no useful purpose to discuss each specification.

The consideration which we have given to them leads to the conclusion that the facts upon which the claim of privilege was founded are so far disputed as to deny to the court the right to hold, as matter of law, that the communication was privileged.

The denial of defendant's motion to direct a verdict was, therefore, required.

The result would have been the same if the court had attempted to hold that the communication was privileged. In such a case, the plaintiff must show express malice in order to recover.

The evidence to which we have alluded, tending to show the untruthful statements in the circular, and knowledge of their untruthfulness on the part of the defendant, considered with certain testimony by the president of defendant, touching the motive which induced the publication of the circular, would have presented a question for the jury, whether plaintiff had not shown express malice.

The president testified: "The circular was published and circulated for the purpose of preventing the plaintiff here from effecting sales of his book.    *    *    *    It was not with the idea of casting some little slur upon him that we worded it that way, but it was upon the publisher of the book which he announced. We knew at that time that he was the publisher of the book, but it was as a publisher, not as a person.    *    *    *    The circular did contain this statement: 'This falsely-named book is to be illustrated with cheap casts of old cuts, together with poor reproductions from some of our copyrighted engravings of the Bida designs.' That statement was made with the purpose of running down the book, so the people would not purchase it."    *    *    *

The other point represented by appellant is that the court erred in permitting the jury to consider defendant's counterclaim for infringement of its trade mark.

The court decided that the question was one for the jury, and defendant excepted.

This position seems to have been receded from by the court, with the consent of counsel.

It appears from the record that, " by the consent of counsel, this question was considered as if it had been before the court at Special Term." Thus the exception to the original determination to submit the matter to the jury became inoperative.

The court then proceeded to dispose of the question adversely to defendant's contention, without making any findings of fact.

In order to review the determination of the court at Special Term, findings of fact were necessary.

Were it not so, and the question properly reviewable here, the determination of the trial court that the defendant had failed to establish the trade-mark right, in the use of the title " The Story of Jesus," would be approved.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.